FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ JUN 2 ? 2011 ★

BROOKLYN OFFICE

SUMMONS ISSUED

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

——————————————————————————X

CHARLES MARCHISOTTO,

                                              Plaintiff,

– against –

CV 11 — 3026
2011 CV

**COMPLAINT**
(Jury Trial Demanded)

BLOCK, J.

POHORELSKY, M.J.

THE CITY OF NEW YORK; NELSON FERNANDEZ,
INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS
AN OFFICER OF THE NEW YORK CITY POLICE
DEPARTMENT; JOHN PAPIO, INDIVIDUALLY AND IN
HIS OFFICIAL CAPACITY AS AN OFFICER OF THE NEW
YORK CITY POLICE DEPARTMENT; JOHN SUAREZ,
INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS
AN OFFICER OF THE NEW YORK CITY POLICE
DEPARTMENT; LIEUTENANT ROBERT RIVERA,
INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS A
SUPERVISORY OFFICER OF THE NEW YORK CITY
POLICE DEPARTMENT; SEARGENT ANDRE
MASTRANDE,  INDIVIDUALLY AND IN HIS OFFICIAL
CAPACITY AS A SUPERVISORY OFFICER OF THE NEW
YORK CITY POLICE DEPARTMENT; JOHN DOE NOS. 1
THROUGH 10, OFFICERS OF THE NEW YORK CITY
POLICE DEPARTMENT THE NUMBER AND IDENTITY
OF WHOM ARE PRESENTLY UNKNOWN, IN THEIR
INDIVIDUAL AND OFFICIAL CAPACITIES; AND
RICHARD ROE NOS. 1 THROUGH 10, SUPERVISORY
OFFICERS OF THE NEW YORK CITY POLICE
DEPARTMENT, THE NUMBER AND IDENTITY OF
WHOM ARE PRESENTLY UNKNOWN, IN THEIR
INDIVIDUAL AND OFFICIAL CAPACITIES.

                                              Defendants.
——————————————————————————X

        Plaintiff CHARLES MARCHISOTTO, by his attorneys, GLENN A. GARBER, P.C.,

pursuant to this complaint, alleges upon information and belief as follows:

## PARTIES, JURISDICTION AND VENUE

        1.        Plaintiff CHARLES MARCHISOTTO (hereinafter "MARCHISOTTO) is, and

was at all times relevant to this action, a natural person residing in Kings County, City and State of New York, in the Eastern District of New York.

    2.    Defendant CITY OF NEW YORK (hereinafter "CITY") is, and was at all times relevant to this action, a municipal corporation existing under and by virtue of the laws of the State of New York, and having the powers and duties imposed by law thereon, located in the Eastern District of New York.

    3.    Defendants NELSON FERNANDEZ, JOHN PAPIO, JOHN SAUREZ, ROBERT RIVERA, ANDRE MASTRANDE, JOHN DOE NOS. 1 THROUGH 10 and RICHARD ROE NOS. 1 THOROUGH 10 are and were at all times relevant to this lawsuit officers of the New York City Police Department (hereinafter "NYPD") employed by Defendant CITY, having the powers and duties imposed by law thereon.

    4.    Defendants JOHN DOE NOS. 1 THROUGH 10 and RICHARD ROE NOS. 1 THROUGH 10, are and were at all times relevant to this lawsuit, officers of NYPD employed by Defendant CITY, having the powers and duties imposed by law thereon, whose identities are not presently known to plaintiff but who participated in the unlawful and/or unconstitutional acts alleged herein.

    5.    At all times relevant to this lawsuit, NELSON FERNANDEZ, JOHN PAPIO, JOHN SAUREZ, ROBERT RIVERA, ANDRE MASTRANDE, JOHN DOE NOS. 1 THROUGH 10 and RICHARD ROE NOS. 1 THOROUGH 10 were acting in the course and scope of their employment and were acting under color of New York State law.

    6.    At all times mentioned herein, Defendant CITY, by its agents, servants, and employees was responsible for the operation, maintenance, and control of NYPD and the selection, training, supervision, evaluation and disciplining of police officers and other

employees.

7.    At all times mentioned herein, Defendant CITY and NYPD through its
employees, including NELSON FERNANDEZ, JOHN PAPIO, JOHN SAUREZ, ROBERT
RIVERA, ANDRE MASTRANDE, JOHN DOE NOS. 1 THROUGH 10 and RICHARD ROE
NOS. 1 THOROUGH 10 were responsible for the investigation of crimes, apprehension of
suspects, and provision of information to the Kings County District Attorney's Office for use in
criminal prosecutions, and to other agencies and departments of NYPD including but not limited
to firearm licensing department of NYPD, for use in monitoring the actions of City Marshals, in
revoking gun licenses and privileges, in disciplinary actions, and other functions, including
giving truthful information and testimony based upon appropriate and good faith investigations,
providing all relevant evidence, revealing exculpatory evidence, refraining from withholding or
falsifying evidence, making further inquiry when reasonable to do so, and following accepted
practices, all in accordance with their obligations to conform their conduct to the Constitution of
the United States and the Constitution and rules of the State of New York, and to insure that the
accused are not arrested and prosecuted on unfounded charges, nor made to unnecessarily suffer
in civil affairs, unfairly lose privileges, and unjustly lose or diminish the capacity to work and
earn a living.

8.    This is an action under Title 42, Section 1983 of the United States Code in which
the Plaintiff alleges that he was deprived under color of law of his rights under the Fourth, Fifth,
Sixth, Eighth and Fourteenth Amendments to the Constitution of the United States by reason of
the police misconduct and failure to investigate that resulted in Plaintiff being incarcerated and
prosecuted for a crime he did not commit, to cause him to be subject to protracted and
unwarranted stress and anxiety, diminishment of livelihood, and loss of his gun license, among

other things. Plaintiff also brings claims under New York State law for malicious prosecution and negligence predicated upon the same acts and transactions as some of the aforesaid Federal Constitutional claims.

9.     This Court has jurisdiction over the Federal claims pursuant to 28 U.S.C. § 1331 and over the related state law claims pursuant to 28 U.S.C. § 1367.

10.    Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District. Additionally, Plaintiff resides in this District, Defendant CITY is a municipality located within this District, and the individual Defendants are employees of NYPD and assigned to precincts located in this District.

## CONDITION PRECEDENT TO SUPPLEMENTAL STATE CLAIMS

11.    Plaintiff has complied with all conditions precedent to the commencement of the supplemental state claims, having timely served on or about June 10, 2010, a notice of claim upon the Defendant CITY OF NEW YORK pursuant to Section 50(e) of the New York General Municipal Law; more than 30 days has elapsed since said service without payment or adjustment; having had a hearing pursuant to Section 50(h) of the New York General Municipal Law; and having brought this action in a timely manner.

## JURY DEMAND

12.    Plaintiff MARCHISOTTO demands trial by jury of all issues raised herein.

## OVERVIEW

13.    MARCHISOTTO was falsely imprisoned and maliciously prosecuted, and his federal and state constitutional rights, among other things, were violated initially when on June 20, 2008, he was arrested and formally accused by Criminal Court complaint in Kings County.

The docket number for the case was 2008KN045800. The accusation charged the misdemeanor crimes of stalking in fourth degree, harassment in the second degree, and aggravated harassment in the second degree. The complaint alleged that from February 8 to June 19, 2008 MARCHISOTTO contacted Marina Lamalfa and left voice and text messages stating that he knows where she lives and works, and that he followed her in his vehicle on June 13, 2008.

14.     After serving approximately 12 hours in jail and appearing in court for arraignment, and more than two dozen occasions thereafter over the course of 21 months, MARCHISOTTO was finally acquitted on March 25, 2010. The Honorable John P. Walsh, who presided over bench trial, delivered the verdict from the bench, stating:

> I found Ms. Lamalafa (*sic*) totally incredible. Beyond belief. And, accordingly, I'm going to find the defendant not guilty of all counts.

15.     MARCHISOTTO is a City Marshal and was licensed to carry a firearm, which was necessary for duties he performed. Due to the wrongful arrest and prosecution, MARCHISOTTO's firearm was seized, his gun license revoked, he was investigated by the DOI, and his appointment as a City Marshal was jeopardized. He lost countless hours of work, incurred legal fees, and suffered significant economic and psychological harm.

16.     The conduct of DEFENDANTS that precipitated this grave injustice began when Marina Lamalfa, MARCHISOTTO'S former girlfriend, filed false accusations against him out of vindictiveness and in an effort to gain advantage in a pending civil proceeding brought by MARCHISOTTO in which he sought to recover $23,881, which she bilked him for during their relationship.

17.     Failing to investigate Lamalfa's false accusation that MARCHISOTTO stalked or harassed her, which according to a criminal court complaint included a claim that he sent her

threatening text messages and followed her in his car, defendants FERNANDEZ, PAPIO,

SAUREZ, RIVERA, MASTRANDE, JOHN DOE NOS. 1 THROUGH 10 and RICHARD ROE

NOS. 1 THOROUGH 10 arrested MARCHISOTTO on June 20, 2008 and caused him to be

prosecuted.  Notably, defendant FERNANDEZ testified at a pre-trial hearing on the issue of

probable case, and could state no basis for the arrest.  Indeed, all he said was that "Mr.

Marchisotto was named as a perpetrator in an aggravated harassment case."  When asked

whether any investigation was conducted, defendant FERNANDEZ replied: "Well, his interview

was part of the investigation.  I already spoke to the complainant."

18.      However, when MARCHISOTTO was arrested, he made a completely

exculpatory statement, which was witnessed by defendant SAUREZ.  Nonetheless, defendants

FERNANDEZ, PAPIO, SAUREZ, RIVERA, MASTRANDE, JOHN DOE NOS. 1 THROUGH

10 and RICHARD ROE NOS. 1 THOROUGH 10 did nothing to investigate the allegations

against him, nor attempt to reconcile any contradictory information that he provided with what,

if anything, Lamalfa provided.

19.      Indeed, when ruling on the issue of probable cause to arrest MARCHISOTTO the

Court found that "[j]ustification for the defendant being in the station house could only be upon

[his] consent to be there," indicating that no probable cause had been established at a hearing that

was held to specifically address probable cause.

20.      Moreover, text messages that Lamalfa claimed supported the criminal court

complaint actually exonerated MARCHISOTTO. Yet, no effort was made by FERNANDEZ,

PAPIO, SUAREZ, RIVERA, MASTRANDE, JOHN DOE NOS. 1 THROUGH 10 and

RICHARD ROE NOS. 1 THOROUGH 10 to evaluate or investigate this or other exonerating

information.

21.    In addition, while Lamalfa also claimed in the complaint that MARCHISOTTO followed her, the encounter she allegedly referred actually occurred in MARCHISOTTO'S neighborhood, a location where he had a legitimate reason to be at and which was miles from the area where Lamalfa resided.

22.    Furthermore, Lamalfa made a previous and inconsistent complaint to police officers of the 68th Precinct on June 13, 2008. This complaint was "closed to patrol," and never pursued by the 68th Precinct. Nevertheless, defendant FERNANDEZ and other defendant police officers of the 78th Precinct ignored this determination and/or never investigated the prior false accusations.

23.    The failure to investigate (a constitutional violation in and of itself) was prompted by defendant JOHN PAPIO, a NYPD police officer and personal friend of Lamalfa, who conspired with Lamalfa to file baseless charges against MARCHISOTTO.

24.    Defendant PAPIO used his position as a police officer to cause defendant FERNANDEZ, also a police officer with NYPD, to arrest MARCHISOTTO without conducting an investigation.

25.    Defendants LUETENANT ROBERT RIVERA and SEARGENT ANDRE MASRANDE were supposed to supervise and oversee the investigation and arrest and ensure that investigations were done properly free from conflict and only factually supported charges were advanced. They failed to do so.

26.    Based upon information and belief, defendant FERNANDEZ abdicated his duty to investigate out of indifference or hostility toward the accused MARCHISOTTO, courtesy to fellow officer defendant PAPIO, and due to unconstitutional customs, policies and practices of NYPD, or a combination of these factors.

27.    As to the unconstitutional customs, policies, and practices the NYPD has fostered a culture of indifference to the accused, thus defendant CITY has caused police officers such as defendants PAPIO and FERNANDEZ to operate without investigating and to accept at face value information provided by complaining witnesses.

28.    Moreover, when allegations are made about disputes between boyfriends or girlfriends or parties that have similar relationships, police officers are instructed by their superiors to err on the side of making arrests, even when there are no indications of alleged violence like in this case, therefore encouraging police officers to fail to investigate or evaluate such allegations.

29.    Furthermore, police officers are not disciplined for failing to investigate or for compromising their duties out of indifference, hostility or courtesy to fellow officers. Consequently, NYPD and defendant CITY embolden officers to engage in the type of misconduct that occurred in this case.

30.    As a direct and proximate result of defendants' actions, Plaintiff suffered injuries and damages, including but not limited to:

      a.    Violation of his state and federal constitutional rights;

      b.    Violation of state torts;

      c.    Pain and suffering, embarrassment and emotional trauma; and

      d.    Monetary damages in the form of legal expenses, lost wages, and damage to reputation.

## FIRST CLAIM FOR RELIEF

### (42 U.S.C. § 1983: Failure to Investigate and Malicious Abuse of Process)

31.    The allegations in paragraphs 1 through 30 of the complaint are repeated and

realleged as if fully set forth herein.

32.    Defendants FERNANDEZ, PAPIO, SAUREZ, RIVERA, MASTRANDE, and the DOE and ROE defendants deprived MARCHISOTTO of his rights under the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the Constitution of the United States by manner and means including but not limited to failing to investigate, and/or arresting and prosecuting MARCHISOTTO for baseless charges out of indifference, hostility and/or courtesy to fellow police officers.

33.    Defendants FERNANDEZ, PAPIO, SAUREZ, RIVERA, MASTRANDE, and the  DOE and ROE defendants, acting in concert and within the scope of their authority, under color of state law, maliciously used legal process, in the form of a criminal prosecution against Plaintiff, with the intent to harm Plaintiff and without excuse or justification, for a collateral purpose outside of the legitimate ends of justice, namely to conceal their own wrongdoing in unlawfully failing to investigate, arrest and prosecuting Plaintiff, in violation of Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution, the state constitution and in violation of the laws of the State of New York.

34.    In effecting these deprivations, Defendants FERNANDEZ, PAPIO, SAUREZ, RIVERA, MASTRANDE, and the DOE and ROE defendants acted under color of New York State law.

35.    In effecting these deprivations, Defendants FERNANDEZ, PAPIO, SAUREZ, RIVERA, MASTRANDE, and the DOE and ROE defendants were deliberately indifferent to the constitutional rights of MARCHISOTTO.

36.    MARCHISOTTO'S injuries were proximately caused by the aforesaid constitutional deprivations and conduct of the Defendants.

37.    By reason of the foregoing, defendants are liable to MARCHISOTTO pursuant to 42 U.S.C. § 1983 for damages in an amount to be determined at trial.

## SECOND CLAIM FOR RELIEF

### (42 U.S.C. § 1983: False Arrest and False Imprisonment)

38.    The allegations in paragraphs 1 through 37 of the complaint are repeated and realleged as if fully set forth herein.

39.    Defendants FERNANDEZ, PAPIO, SAUREZ, RIVERA, MASTRANDE, and the DOE and ROE defendants, acting in concert and within the scope of their authority, under color of law, committed the violations of false arrest and false imprisonment, in that defendants intentionally arrested and caused Plaintiff to be imprisoned without probable cause, with his knowledge and without his consent, in violation of his rights to be free from unreasonable search and seizure under the Fourth and Fourteenth Amendments to the United States Constitution, the state constitution, and in violation of the laws of the State of New York.

40.    MARCHISOTTO'S injuries were proximately caused by the aforesaid constitutional deprivations and conduct of the Defendants.

41.    By reason of the foregoing, defendants are liable to MARCHISOTTO pursuant to 42 U.S.C. § 1983 for damages in an amount to be determined at trial.

## THIRD CLAIM FOR RELIEF

### (42 U.S.C. § 1983: Malicious Prosecution)

42.    Plaintiff repeats and realleges paragraphs 1 through 41 as if fully set forth herein.

43.    Defendants FERNANDEZ, PAPIO, SAUREZ, RIVERA, MASTRANDE, and the DOE and ROE defendants, acting in concert and within the scope of their authority, under color of law, maliciously caused a criminal prosecution to be initiated against Plaintiff, without

probable cause, as a result of which Plaintiff was deprived of his liberty in violation of Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution, the state constitution, and in violation of the laws of the State of New York, and said criminal prosecution terminated favorably for Plaintiff.

44.    MARCHISOTTO'S injuries were proximately caused by the aforesaid constitutional deprivations and conduct of the Defendants.

45.    By reason of the foregoing, defendants are liable to MARCHISOTTO pursuant to 42 U.S.C. § 1983 for damages in an amount to be determined at trial.

## FOURTH CLAIM FOR RELIEF

### (42 U.S.C. § 1983: Defendant City of New York – Monell Claims Regarding NYPD Defendants)

46.    The allegations in paragraphs 1 through 45 of the complaint are repeated and realleged as if fully set forth herein.

47.    The aforesaid constitutional violations were proximately caused by one or more policies, practices and/or customs of Defendant CITY, including but not limited to a failure to investigate, indifference and hostility to the accused, and the compromising of professional duties out of courtesy to fellow officers.

48.    It was the policy, practice and/or custom of Defendant CITY to fail to train, discipline and/or supervise police officers so as to prevent them from failing to investigate allegations against persons accused of crimes, especially accusations involving disputes between girlfriend and boyfriend and parties with similar relationships.

49.    It was the policy, practice and/or custom of Defendant CITY to fail to train, discipline and/or supervise police officers so as to prevent them from compromising their duties as police officers, such as their duty to investigate, and to act equitably without compromising

their integrity out of favor for fellow officers who have a personal interest in the case.

50.    Defendant CITY knew to a moral certainty that its police officers would confront situations conducive to failing to investigate and to compromising their duties.

51.    Defendants FERNANDEZ, PAPIO, SAUREZ, RIVERA, MASTRANDE, and the DOE and ROE defendants were part of a pattern, practice and policy of NYPD to ignore and violate the constitutional rights of the people with whom they come into contact.

52.    The acts of defendants FERNANDEZ, PAPIO, SAUREZ, RIVERA, MASTRANDE, and the DOE and ROE defendants were committed under their authority as police officers of NYPD vested under and by virtue of the laws of the State of New York, and were, therefore, committed under the color of state law.

53.    Defendant CITY knew of the need for additional screening, training, supervising and disciplining of police officers when they: (a) fail to investigate complaints made against the accused; (b) ignore evidence of a criminal defendant's factual innocence; (c) compromise their duty to investigate when fellow police officers have a personal interest in the case; and are involved in cases with alleged disputes between girlfriends and boyfriends and the like.

54.    Through intentional and deliberate indifference, the CITY failed to adequately provide for screening, training, supervising, and disciplining of police officers with respect to the above mentioned issues. This type of intentional misconduct and deliberate indifference is evidenced by decisions of the courts of the State of New York finding that NYPD and its employees engaged in various acts of misconduct including but not limited to failing to investigate and generally failing to act in a reasonable, professional and honest capacity. These decisions include but are not limited to:

Riddick v. City of New York, 4 A.D.3d 242 (1st Dept. 2004)

Bonefant v. Kelly, 306 A.D.2d 108 (1st Dept. 2003)

Wagner v. Kerik, 298 A.D.2d 322 (1st Dept. 2002)

Seligson v. Kerik, 295 A.D. 2d 262 (1st Dept. 2002)

Foy v. Safir, 277 A.D. 2d 169 (1st Dept. 2000)

Titone v. Safir, 277 A.D. 2d 161 (1st Dept. 2000)

Castro v. Safir, 277 A.D. 2d 123 (1st Dept. 2000)

Mieles v. Safir, 272 A.D. 199 (1st Dept. 2000)

Sannuti v. Safir, 261 A.D.2d 153 (1st Dept. 1999)

Brovakos v. Bratton, 254 A.D. 2d 32 (1st Dept. 1998)

Ranalli v. Safir, 250 A.D. 2d 507 (1st Dept. 1998)

Vasquez v. Safir, 250 A.D. 2d 448 (1st Dept. 1998)

People v. Kenrick, 162 Misc.2d 75 (Crim. Ct., N.Y. Co. 1994)

Hickey v. Ward, 161 A.D. 495 (1st Dept. 1990)

People v. Bermudez, 2009 WL 382327 (Sup. Ct., NY Co. 2009)

People v. Hidalgo and Lemus, Ind. Nos. 674/91, 12833/91 (Sup. Ct., N.Y. Co. Oct. 19, 2005)

55.    Upon information and belief, police officers have not been disciplined by the
Defendant CITY or NYPD for their misconduct, despite repeated judicial findings that NYPD
police officers engaged in misconduct. Such failure to respond to and take corrective action with
respect to wrongdoing by members of the NYPD constitutes deliberate indifference toward the
constitutional rights of the accused, and such misconduct constitutes a practice, pattern and
custom of engaging in police misconduct including, but not limited to failing to investigate
complaints made against the accused; ignoring evidence of a criminal defendant's factual

innocence; and compromising the duty to investigate when fellow police officers have a personal interest in the case.

56.    By virtue of the judicial decisions referred to above, and other information and court decisions, NYPD and the CITY knew that the need for adequate screening, training, supervising, and disciplining of its employees was and is compelling because of the overriding course of action of those police personnel including defendants FERNANDEZ, PAPIO, SAUREZ, RIVERA, MASTRANDE, and the DOE and ROE defendants to make arrests hastily, without investigation, and with deliberate and total disregard for the truth and for the constitutional rights of the accused.

57.    Defendant CITY knew that defendants FERNANDEZ, PAPIO, SAUREZ, RIVERA, MASTRANDE, and the DOE and ROE defendants were ill-equipped and not up to the task, and would make arrests and endorse prosecutions without investigating allegations, and compromise their duties.

58.    But for defendant CITY'S deliberate indifference in failing to adequately provide screening, training, supervision, and discipline of police officers and its affirmative acts, the Plaintiff would not have been arrested or prosecuted for the crimes with which he was charged.

59. As to the "Monell" claims, the aforesaid conduct operated, *inter alia*, to deprive Plaintiff of important and well-established rights under the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution, and the rights established by the Constitution of the State of New York and state rules, including Plaintiff's right to be free from bad-faith arrests and prosecutions, his right to freedom from the deprivation of liberty without due process of law, and his right to be free from cruel and unusual punishment. Such misconduct by NYPD also directly and proximately caused Plaintiff's arrest, incarceration, and

prosecution.

60. The foregoing violations of Plaintiff's Constitutional rights, his wrongful arrest and prosecution, and the resulting and continuing injuries to plaintiff were further directly and proximately caused by Defendant CITY'S deliberate indifference to the Constitutional rights of persons coming into contact with NYPD.

61. With respect to all of the wrongful actions and omissions alleged above, Defendant CITY knew to a moral certainty that its employees would confront such situations, that adequate screening, training, equipment, supervision, and discipline would have made the CITY's employees' choices less difficult, and there is a clear history of employees mishandling such situations, and that wrong choices by the defendant CITY's employees frequently result in deprivations of citizens' Constitutional rights.

62. The forgoing violations of Plaintiff's constitutional rights and various torts were affected by actions taken under color of law, statutes and regulations of the State of New York.

63. The individually named defendants are responsible personally and in their official capacities for the violation of said rights.

64. MARCHISOTTO'S injuries were proximately caused by the aforesaid constitutional deprivations and conduct of the Defendants.

65. By reason of the foregoing, Defendant CITY is liable to Plaintiff pursuant to 42 U.S.C. § 1983 for damages in an amount to be determined at trial.

66. Plaintiff asserts this claim against the defendant CITY OF NEW YORK.

## FIFTH SIXTH CLAIM FOR RELIEF

### (Malicious Prosecution under New York Common Law)

67.    Plaintiff repeats and realleges paragraphs 1 through 66 as if set forth fully herein.

68.    The acts of defendants FERNANDEZ, PAPIO, SAUREZ, RIVERA,

MASTRANDE, and the DOE and ROE defendants constitute malicious prosecution under the

laws of the State of New York. Defendants caused criminal proceedings to be brought against

Plaintiff, without probable cause and with malice, and the proceedings terminated in Plaintiff's

favor.

69.    Defendants FERNANDEZ, PAPIO, SAUREZ, RIVERA, MASTRANDE, and the

DOE and ROE defendants were at all times employees acting within the scope of their

employment by defendant CITY OF NEW YORK, which is therefore responsible for their

conduct.

70.    MARCHISOTTO'S injuries were proximately caused by the aforesaid wrongful

conduct of the Defendants.

71.    By reason of the foregoing, defendants are liable to Plaintiff under New York law

for damages in an amount to be determined at trial.

## SIXTH CLAIM FOR RELIEF

### (Negligence under New York State Law)

72.    The allegations in paragraphs 1 through 71 of the complaint are repeated and

realleged as if fully set forth herein.

73.    Defendants, their employees, agents and/or servants were careless, reckless and/or

negligent in failing to investigate and permitting police officers to compromise their duties out of

courtesy to fellow officers with a personal interest in the case; failing to implement policies,

practices and/or procedures to ensure that police officers investigate allegations against the accused; failing to implement policies, practices and/or procedures to ensure that police officers would not compromise their duties out of indifference or hostility of the accused or to give favors to fellow officers who have personal interests in cases; and in otherwise being careless, reckless and/or negligent.

74.    MARCHISOTTO'S injuries were proximately caused by the aforesaid wrongful conduct of the Defendants.

75.    By reason of the foregoing, defendants are liable to Plaintiff under New York law for damages in an amount to be determined at trial.

## SEVENTH CLAIM FOR RELIEF

### (Defendant City of New York Negligent Hiring, Retention, Supervision and Training under New York State Law)

76.    Plaintiff repeats and realleges paragraphs 1 through 75 as if set forth fully herein.

77.    Defendant CITY, through the NYPD, negligently hired, screened, retained, supervised, and trained the individual defendant police officers herein, defendants FERNANDEZ, PAPIO, SAUREZ, RIVERA, MASTRANDE, and the DOE and ROE defendants. These individual police officers were unfit for the performance of police duties.

78.    MARCHISOTTO'S injuries were proximately caused by the above discussed wrongful conduct of the Defendants.

79.    By reason of the foregoing, Defendant CITY is liable to Plaintiff under New York law for damages in an amount to be determined at trial.

80.    Plaintiff asserts this claim against the defendant CITY OF NEW YORK.

### ATTORNEYS' FEES

81.    Pursuant to 42 U.S.C. § 1988, in the event that he prevails in this action, Plaintiff

is entitled to attorneys' fees in an amount to be determined by this Court.

**WHEREFORE,** plaintiff demands JUDGEMENT against defendants as follows:

I.   For compensatory damages in an amount to be determined at trial;

II.  For punitive damages in an amount to be determined at trial;

III. For reasonable attorneys' fees, together with costs and disbursements pursuant to

42 U.S.C. § 1988 and the inherent powers of this Court;

IV.  For pre-judgment, and if appropriate post-judgment, interest, as allowed by law;

and

V.   For such other and further relief as this Court may deem just and proper.

Dated: New York, NY
       June 22, 2011

_____
GLENN A. GARBER
GLENN A. GARBER, P.C.
350 Broadway, Suite 1207
New York, NY 10013
(212) 965-9370

Attorneys for Plaintiff
CHARLES MARCHISOTTO