UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
CHARLES MARCHISOTTO,

              Plaintiff,

  -against-                      **MEMORANDUM AND ORDER**
                                       Case No. 11-CV-3026 (FB) (VVP)

THE CITY OF NEW YORK; NELSON
FERNANDEZ, individually and in his official
capacity as an officer of the New York City Police
Department; JOHN PAPIO, individually and in
his official capacity as an officer of the New York
City Police Department; ANDREW SUAREZ,
individually and in his official capacity as an
officer of the New York City Police Department;
LIEUTENANT ROBERT RIVERA, individually
and in his official capacity as a supervisory officer
of the New York City Police Department;
SERGEANT ANDRE MASTRANDE, individually
and in his official capacity as a supervisory officer
of the New York City Police Department; JOHN
DOE NOS. 1 THROUGH 10, officers of the New
York City Police Department, the number and
identity of whom are presently unknown, in their
individual and official capacities; and RICHARD
ROE NOS. 1 THROUGH 10, supervisory officers
of the New York City Police Department, the
number and identity of whom are presently
unknown, in their individual and official
capacities,

              Defendants.
------------------------------------------------------------------x

*Appearances:*
*For the Plaintiff:*                                 *For the Defendants:*
GLENN A. GARBER, ESQ.              MICHAEL A. CARDOZO, ESQ.
Glenn A. Garber, P.C.                      Corporation Counsel of the City of New York
233 Broadway, Suite 2370              100 Church Street
New York, New York 10279           New York, New York 10007

                                                       By:    KIMBERLY M. SAVINO, ESQ.
                                                             Special Assistant Corporation Counsel

**BLOCK, Senior District Judge:**

On June 20, 2008, Charles Marchisotto was arrested and charged with stalking, harassment and attempted aggravated harassment. Having been acquitted of those charges, he now sues the City of New York ("the City"), five named officers of the New York City Police Department ("NYPD"),[1] and an indeterminate number of unnamed officers. His claims arise under 42 U.S.C. § 1983 and New York common-law.

Marchisotto's complaint was filed on June 23, 2011, and he concedes that all claims relating to his arrest are barred by the applicable statutes of limitations. *See Murphy v. Lynn*, 53 F.3d 547, 548 (2d Cir. 1995) ("[T]he applicable statute of limitations for § 1983 actions in New York is three years[.]"); *Bonanno v. City of Rye*, 721 N.Y.S.2d 98, 98-99 (2d Dep't 2001) ("[C]auses of action to recover damages for false arrest and false imprisonment must be commenced within one year of the accrual of the cause of action[.]"). Thus, he restricts his claims to those stemming from his prosecution. Against the individual defendants, he asserts claims for (1) malicious prosecution under both § 1983 and state law; (2) abuse of process under both § 1983 and state law; and (3) negligence under state law alone. With respect to the City, he asserts claims for municipal liability under *Monell v. Department of Social Services*, 436 U.S. 658 (1978), and for negligent hiring, retention, supervision and training under state law.[2]

---

[1] One of the officers named in the complaint is John Suarez. All agree that the proper defendant is *Andrew* Suarez. The Clerk is directed to amend the caption accordingly.

[2] Unlike the claims based on his arrest, the claims based on Marchisotto's prosecution did not accrue until he was acquitted in March 2010. Thus, they are timely.

Defendants move for summary judgment pursuant to Federal Rule of Civil Procedure. As an initial matter, the individual defendants argue that they were not timely served with process. On the merits, all defendants argue that they are entitled to summary judgment for a variety of reasons. For the following reasons, the motion is denied with respect to the service issue, and denied as premature in all other respects.

## SERVICE OF PROCESS

The individual named defendants were not timely served. Service was due by October 21, 2011. *See* Fed. R. Civ. P. 4(m) (requiring service "within 120 days after the complaint is filed"). Defendants Andre Manstrade, Robert Rivera and John Papio were served on January 20, 2012, while defendants Andrew Suarez and Nelson Fernandez were served on January 21, 2012.

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

*Id.* Under the plain language of the rule, an extension of time is mandatory if the plaintiff shows good cause. *See Zapata v. City of New York*, 502 F.3d 192, 197 (2d Cir. 2007). Even in the absence of good cause, however, "district courts have discretion to grant extensions." *Id.* at 196.

Marchisotto's counsel asserts that defendants' counsel did not furnish command addresses for the named defendants until after the 120-day period for service

3

had elapsed. While that is true, she did furnish addresses for Manstrade, Rivera, Papio and Fernandez on November 1, 2011, and for Suarez on December 30th. Marchisotto's counsel offers no reason for the delay between receiving the addresses and serving the complaint. Accordingly, the Court declines to find good cause.

"In determining whether a discretionary extension is appropriate in the absence of good cause, a court considers the following four factors: (1) whether any applicable statutes of limitations would bar the action once refiled; (2) whether the defendant had actual notice of the claims asserted in the complaint; (3) whether defendant attempted to conceal the defect in service; and (4) whether defendant would be prejudiced by extending plaintiff's time for service." *DeLuca v. AccessIT Group, Inc.*, 695 F. Supp. 2d 54, 66 (S.D.N.Y. 2010). Because there was no attempt at service, there were no defects to conceal. But the remaining factors favor granting an extension. Marchisotto's claims would be time-barred if he were required to refile the action. Counsel for the individual defendants is also counsel for the City, and she was undoubtedly apprised of the claims against the individual defendants when the complaint was served on the City. Finally, there is no claim that the delay in service has prejudiced the individual defendants. Accordingly, the Court deems service on the individual defendants to have been timely.[3]

---

[3]The individual defendants argue that the Court cannot grant an extension unless Marchisotto's offers a colorable excuse for his failure to effect service within the 120-day period. The Second Circuit has explicitly rejected that argument. *See Zapata*, 502 F.3d at 198 n.7 ("[While] this Court will not disturb a district court's dismissal absent some colorable excuse raised by the plaintiff, nothing in our opinion should be read as a per se rule that *district courts* must require such an excuse in all cases.").

## OTHER GROUNDS FOR SUMMARY JUDGMENT

The Court need not detail the numerous other grounds for defendants' motion for summary judgment. Marchisotto's principal response to all of them is that the motion is premature.

"Only in the rarest of cases may summary judgment be granted against a plaintiff who has not been afforded the opportunity to conduct discovery." *Hellstrom v. United States Dep't of Veterans Affairs*, 201 F.3d 94, 97 (2d Cir. 2000). Magistrate Judge Pohorelsky stayed discovery after the parties exchanged their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1). The Court in no way faults the magistrate judge's decision; indeed, the Court left the stay in place after an informal pre-motion conference.

Many times, the legal issues raised in a motion for summary judgment can be addressed with only limited discovery. For example, the Court has often approved stays of discovery on *Monell* claims pending disposition of the claims against individual defendants. *See City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986) ("[None] of our cases authorizes the award of damages against a municipal corporation based on the actions of one of its officers when in fact the jury has concluded that the officer inflicted no constitutional harm.").

In this case, by contrast, full discovery might make a difference. For example, the initial disclosures include a copy of the criminal complaint, which was prepared by a paralegal in the Kings County District Attorney's Office based on interviews with the

5

complaining witness and Fernandez, the arresting officer. To prevail on his claims for malicious prosecution, Marchisotto must show, *inter alia*, "the initiation or continuation of a criminal proceeding against [him]," *Manganiello v. City of New York*, 612 F.3d 149, 161 (2d Cir. 2010) (citations and internal quotation marks omitted); an officer who merely reports a crime or gives testimony does not "initiate" the prosecution, *see id.* at 163. Further discovery may reveal that Fernandez and the other named defendants had a more active role in the prosecution than the face of the criminal complaint suggests. Or it may reveal that the officers withheld relevant and material information, which may also lead to liability for malicious prosecution. *See Mitchell v. Victoria Home*, 434 F. Supp. 2d 219, 227 (S.D.N.Y. 2006).[4] Even if discovery does not yield such evidence, the Court would prefer to decide the legal issues raised by defendants' motion for summary judgment on a fully developed record.

## CONCLUSION

Defendants' motion for summary judgment is denied insofar as it is based on service of process. In all other respects, it is denied as premature. The stay on discovery

---

[4] In that regard, Marchisotto claims that Papio persuaded the other named defendants to help him concoct false charges against Marchisotto for the benefit of the complaining witness, with whom Papio had a romantic relationship. At present, the only evidence of such a relationship is hearsay, namely, Marchisotto's declaration that the complaining witness told him that she and Papio had an "'on again off again' romantic relationship" for several years. Declaration of Glenn A. Garber (Aug. 20, 2012), Ex. E. The Court is more concerned with other gaps in the record, but Marchisotto is entitled to pursue this line of inquiry in discovery.

is lifted.  Defendants may renew their motion for summary judgment after the close of discovery.

        **SO ORDERED.**

                                                  /S/ Frederic Block
                                                  FREDERIC BLOCK
                                                  Senior United States District Judge

Brooklyn, New York
August 5, 2013